UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARO CALVIAC-DIAZ,<br><br>                                    Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the<br>U.S. Department of Homeland Security, et al.,<br><br>                                    Respondents. | Case No.:  26-cv-3988-RSH-AHG<br><br>**ORDER GRANTING PETITION<br>FOR WRIT OF HABEAS CORPUS** |

On July 10, 2026, petitioner Lazaro Calviac-Diaz filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. The merits have been fully briefed. *See* ECF Nos. 4 (return), 5 (traverse).

Petitioner is a citizen of Cuba who came to the United States in 1995. ECF No. 1 at 2, 3. On December 6, 2018, an immigration judge ordered him removed to Cuba. ECF No. 4-2 ¶ 3. Petitioner waived appeal and the order of removal became administratively final as of the date of the order. *Id.* On December 12, 2018, Petitioner was released pursuant to an order of supervision, based on the government's determination that there was no significant likelihood of his removal in the reasonably foreseeable future. *Id.* ¶ 4; ECF No.

4-1 at 30.[1] He thereafter failed to report to DHS as directed, and was later arrested and convicted on state narcotics charges. ECF No. 4-2 ¶¶ 5-9. On January 16, 2026, he was transferred from state custody to DHS custody for purposes of removal to Cuba. *Id.* ¶ 10.

As explained in a declaration from a deportation officer submitted by Respondents, Cuba has declined to issue a travel document for Petitioner's removal to Cuba. *Id.* ¶¶ 11, 13. DHS is working on identifying third countries to which Petitioner may be removed. *Id.* ¶¶ 14-18. The deportation officer further states that "[o]n February 7, 2026, despite Mexico accepting removals of Cuban citizens … Petitioner refused to be removed to Mexico." *Id.* ¶ 12.

Petitioner contends that pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), he must be released from immigration custody because there is no significant likelihood that he can be removed in the reasonably foreseeable future. ECF No. 1 at 2. This Court has jurisdiction to review such a claim on a petition for writ of habeas corpus. *Zadvydas* 533 U.S. at 699 ("Whether a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal is determinative of whether the detention is, or is not, pursuant to statutory authority. The basic federal habeas corpus statute grants the federal courts authority to answer that question.").

In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6), the statutory provision authorizing detention of a noncitizen subject to a final order of removal beyond the 90-day removal period, and concluded that the "statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at

---

[1]     DHS's Notice of Revocation of Release, dated January 16, 2026, states that "[o]n December 12, 2018, ERO San Diego released CALVIAC-Diaz on [supervision] per RIO-Cuba no SLRRFF," that is, based on a lack of significant likelihood of removal in the reasonably foreseeable future. ECF No. 4-1 at 30.

689. The Court held that after a six-month "presumptively reasonable period of detention," "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Respondents do not dispute that Petitioner's detention has exceeded six months after Petitioner's order of removal became administratively final. Additionally, Respondents do not argue that conditions in Cuba have changed since Petitioner was previously released upon a determination of no significant likelihood of his removal in the reasonably foreseeable future. Respondents instead contend that Petitioner's *Zadvydas* claim is defeated by the fact of his recent refusal to be removed to Mexico, because 8 U.S.C. § 1231(a)(1)(C) provides that "[t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien … conspires or acts to prevent the alien's removal subject to an order of removal." Respondents cite *Pelich v. INS*, 329 F.3d 1057 (9th Cir. 2003). In *Pelich*, the Ninth Circuit determined that a Polish national's refusal to complete a Polish passport application, where the Polish consulate refused to issue travel documentation to the noncitizen absent his completed passport application, defeated his *Zadvydas* claim. *Id.* at 1060. The Ninth Circuit explained that "[t]he risk of indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas* does not exist when an alien is the cause of his own detention. Unlike the aliens in *Zadvydas*, Pelich has the 'keys [to his freedom] in his pocket' and could likely effectuate his removal by providing the information requested by the INS." *Id.* (quoting *Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999)). Respondents argue that *Pelich*, and the suspension of the removal period provided by 8 U.S.C. § 1231(a)(1)(C), apply here. In effect, Respondents contend that a noncitizen holds the keys to his own freedom where he can choose, in lieu of indefinite immigration detention, removal to a third country, albeit a country not his own and to which he might have no connection whatsoever.

Petitioner has provided good reason to believe that there is no significant likelihood

26-cv-3988-RSH-AHG

of removal in the reasonably foreseeable future, based on the government's own prior determination of the same in releasing Petitioner in 2018. The burden shifts to Respondents to rebut that showing, and they have not met this burden. Respondents have not provided any legal authority reflecting that a noncitizen's declination to be removed to a third country triggers 8 U.S.C. § 1231(a)(1)(C), or otherwise undermines the noncitizen's *Zadvydas* claim. Additionally, the facts that Respondents proffer in support of their theory are conclusory. The deportation officer's declaration merely states that on February 7, 2026, "Petitioner refused to be removed to Mexico." ECF No. 4-2 ¶ 12. The declaration does not explain what constituted this refusal, how this refusal has prevented the government from removing Petitioner, or the basis for the declarant's knowledge. Respondents have not rebutted Petitioner's showing that there is no significant likelihood of removing him in the reasonably foreseeable future or established that 8 U.S.C. § 1231(a)(1)(C) applies here.

Accordingly, the Petition is **GRANTED**. Respondents are ordered to release petitioner Lazaro Calviac-Diaz from custody ***within one (1) day of the date of this order***, subject to such terms of supervision as may be appropriate. The Court declines to issue further injunctive relief; the Petition does not set forth an adequate legal basis for issuing a permanent injunction, on a petition for writ of habeas corpus, that would determine the terms on which Petitioner can be removed in the future.

**IT IS SO ORDERED**.

Dated: July 29, 2026

_____
Hon. Robert S. Huie
United States District Judge

26-cv-3988-RSH-AHG